```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                   :
MARY E. GARNER
                                   :

     v.                            :  Civil Action No. DKC 14-1574

                                   :
STONEY RIVER LEGENDARY STEAKS,
et al.                             :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is the motion for more definite statement, or alternatively, motion to strike, filed by Defendant Stoney River Legendary Steaks.  (ECF No. 14).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

**I.   Background**

Between October 2008 and March 2011, Plaintiff Mary Garner ("Plaintiff") was an employee of Defendant Stoney River Legendary Steaks ("Defendant" or "Stoney River"), which is now owned by Stoney River Management Company, LLC.  (ECF Nos. 1-1 and 15, at 1 n.1).  Her employment with Stoney River was terminated on March 20, 2011.  (ECF No. 1-1).  On May 7, 2012, Plaintiff submitted a letter ("May 7, 2012 letter) to the Equal Employment Opportunity Commission ("EEOC") concerning the

circumstances of her termination, in which Plaintiff alleged sexual harassment; employment discrimination based on age, race, and sex; and retaliation.  *Id*.  On February 27, 2014, a "Notice of Right to Sue" was issued by the EEOC.  (ECF No. 1-2).

Plaintiff, proceeding *pro se*, filed a complaint ("Original Complaint") on May 13, 2014, against Stoney River and O'Charley's, Inc. ("O'Charley's").[1]  (ECF No. 1).  Plaintiff filed additional factual allegations on June 11, 2014.  (ECF No. 5).  On July 18, 2014, Defendant Stoney River filed a motion for more definite statement or in the alternative a motion to strike.  (ECF Nos. 14 and 15).  Subsequently, Plaintiff filed a supplemental response which contains more factual allegations in support of her claims.  (ECF No. 17).

---

[1] On June 3, 2014, the court ordered the clerk to mail two copies of the Marshal service of process form ("285 Form") to Plaintiff, and Plaintiff was ordered to return the forms within twenty-one days to the clerk.  Plaintiff was notified that a failure to return the 285 Forms in a timely manner "may result in dismissal of this case without prejudice and without further notice."  (ECF No. 4, at 4).  Plaintiff did not provide a completed summons and 285 form for Defendant O'Charley's.  On June 17, 2014, the clerk left a voicemail with Plaintiff asking that she submit in writing her intentions regarding service of O'Charley's.  Plaintiff had previously communicated verbally to the clerk that she did not intend to serve O'Charley's because it was no longer part of Stoney River.  Plaintiff does not appear to have responded to the clerk's request and Defendant O'Charley's has not been served.  Plaintiff will be directed to show cause as to why the claims against O'Charley's should not be dismissed.

**II. Analysis**

Defendant has moved for a more definite statement under Federal Rule of Civil Procedure 12(e), or in the alternative, to strike.[2] Under Rule 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). A motion for more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, No. WMN-09-CV-1022, 2009 WL 3211019, at *10 (D.Md. Sept. 29, 2009) (internal citation and quotation marks omitted). Specifically, these motions are "designed to strike at unintelligibility rather than simple want of detail." *Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, 2010 WL 4449444, at *2 (D.Md. Nov. 4, 2010) (*quoting Frederick v. Koziol*, 727 F.Supp. 1019 (E.D.Va. 1990)). If the court is satisfied that the complaint provides enough information to frame a responsive pleading, "a court should deny the Rule 12(e)

---

[2] Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Defendant has pointed to no allegations in Plaintiff's complaint, however, that contain any "redundant, immaterial, impertinent, or scandalous matter" which would be appropriately considered under a Rule 12(f) motion to strike. Accordingly, Defendant's motion will be treated as one for more definite statement.

motion and avoid delay in maturing the case." *Doe v. Bayer Corp.*, 367 F.Supp.2d 904, 917 (M.D.N.C. 2005).

Defendant first contends that there are jurisdictional deficiencies in Plaintiff's complaint, pointing out that she has not provided a jurisdictional basis for her claims within her complaint. Plaintiff's failure to indicate a jurisdictional basis for her complaint, however, is not dispositive of whether she has presented a sufficient jurisdictional statement. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires only that a pleading set forth a claim for relief which contains a short and plain statement of the grounds upon which the court's jurisdiction depends. If there is a statement in the complaint sufficient to give the court jurisdiction, the particular statute conferring jurisdiction need not be specifically pleaded. *Provident Life & Acc. Ins. Co. v. Waller,* 906 F.2d 985, 988 (4th Cir. 1990).

Plaintiff has set forth in sufficient detail statements which indicate that this court has federal question jurisdiction over this case. In Plaintiff's Original Complaint, she states that her claims are based on "Employment discrimination – Race – Age – Sexual Harassment – Retaliation" and her May 7, 2012 letter contains factual allegations in support of her claims. (ECF Nos. 1, at 2 and 1-1). For instance, Plaintiff asserts that her shifts as bartender were cut and given to younger

4

employees, and management commented on the importance of "getting younger females in the bar . . . thinking it would be a better selling point to guest[s]." (ECF No. 1-1, at 1, 6). Plaintiff adds that her managers would routinely ask her how old she was and make comments about her age. (*Id.* at 4). Plaintiff states that Stoney River's alleged reason for terminating her was because it had received service complaints from customers; she then points out that Stoney River received many service complaints about other younger female employees and yet management took no employment actions against them, insinuating that Stoney River took discriminatory employment actions against her because of her age. (*Id.* at 3-4). In sum, Plaintiff's allegations present cognizable claims under two federal statutes – the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. Plaintiff's failure explicitly to state the federal statutes under which she seeks to bring her claims is not fatal to her complaint.

Defendant also argues that the complaint "is so vague and ambiguous it would be unreasonable to require Stoney River to respond." (ECF No. 15, at 1). Defendant contends that Plaintiff's complaint fails to comply with Rule 8(d)'s requirement that each allegation be "simple, concise, and direct." Defendant points specifically to Plaintiff's May 7,

2012 letter, asserting that it contains "12 pages of unnumbered, unintelligible rambling assertions."  (ECF No. 15, at 3).

Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5 (1980).  It is well settled that the allegations of a *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In light of this liberal standard of review, a motion for more definite statement focuses on whether the responsive party has "enough information to frame an adequate answer."  *Stewart Title Guar. Co. v. Sanford Title Servs., LLC*, 2011 WL 1704808, at *3 (D.Md. May 4, 2011).  Indeed, a motion for more definite statement will only be granted when "the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading*." Minson v. CitiMortgage, Inc.*, 2012 WL 5493557, *2   (D.Md. November 9, 2012).

While Plaintiff's complaint is not necessarily a "model of clarity," it is not so vague and ambiguous that Defendant cannot reasonably be expected to prepare a response, as Plaintiff explicitly states that her complaint is based on "Employment discrimination – Race – Age – Sexual Harassment – Retaliation." (ECF No. 1, at 2).  As previously mentioned, Plaintiff's May 7, 2012 letter also provides detailed factual allegations which support the claims stated by Plaintiff in her Original

6

Complaint. (ECF No. 1-1). For example, the letter describes, in part, sexual comments made to her by Stoney River management personnel. (ECF No. 1-1, at 6). Additionally, Plaintiff's responsive filing to Defendant's motion describes how she was subjected to "ageist" comments, and shortly thereafter, removed from a work shift in favor of a younger female co-worker. (ECF No. 17 ¶ 1). Plaintiff's allegations are clear enough and presented in such a way that Defendant can reasonably understand what Plaintiff's accusations are and respond to them accordingly.[3]

---

[3] Citing *Agolli v. Office Depot, Inc.*, Defendants assert that the liberal standard of review for *pro se* complaints cannot overcome the "incoherence" of Plaintiff's complaint. *Agolli v. Office Depot, Inc.*, 548 F.App'x. 871, 872 (4th Cir. 2013). Unlike the plaintiff in *Agolli* who filed a 48 page complaint in which it was unclear what claims were being asserted, here Plaintiff has explicitly stated what her claims are. *Agolli v. Office Depot, Inc.*, No. No. 11-CV-2806, ECF No. 35, at 1 (D.Md. Apr. 27, 2012) (ordering the *pro se* plaintiff to file a more definite statement). Plaintiff's Original Complaint, May 7, 2012 letter, and response to Defendant's Motion for More Definite Statement make numerous, concrete allegations which Defendant may affirm or deny in a responsive pleading. Taken together, these documents are not so "vague and ambiguous" so as to prevent Defendant from forming a responsive pleading.

7

**III. Conclusion**

For the foregoing reasons, the motion for more definite statement, filed by Defendant Stoney River Legendary Steaks will be denied. A separate order will follow.

                                            /s/
                                DEBORAH K. CHASANOW
                                United States District Judge